# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1411

* * * * * * * * * * * * *
JAMI SHANES, *
*
Petitioner, * Filed: August 11, 2026
*
v. * Chief Special Master Corcoran
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * *

*Braden A. Blumenstiel,* The Law Office of DuPont & Blumenstiel, Dublin, OH, for petitioner.

*Alexis Babcock,* U.S. Depart. of Justice, Washington, D.C., for respondent.

**DECISION GRANTING IN PART MOTION**
**FOR FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On October 19, 2020, Jami Shanes filed a petition for compensation under the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10, *et seq.* (the "Vaccine Act").[2] Petitioner alleged she suffered from Miller Fisher syndrome, a variant of Guillain-Barré syndrome ("GBS") as a result of receiving an influenza vaccine on October 18, 2017. *Id.* A dismissal decision was entered on June 21, 2024, by the former presiding Special Master. Decision (ECF No. 53). Petitioner filed a timely motion for review on July 19, 2024, but it was denied on September 4, 2024. Vaccine Order/Opinion (ECF No. 59).

On December 19, 2024, Petitioner filed this motion for a final fees and costs award, requesting a total of $43,536.81 ($43,040.50 in fees and $496.31 in costs). Final Attorneys' Fees Motion ("Fees App.") (ECF No. 62). Respondent reacted to Petitioner's motion, stating that he is

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

satisfied that the "statutory requirements for an award of attorneys' fees and costs are met in this case," but deferring to the Special Master to determine a reasonable award for fees and costs. Respondent's Response ("Response") (ECF No. 63). Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding fees and costs in the total amount of $38,072.81.

## ANALYSIS

### I. Petitioner's Claim had a Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs*., No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs*., 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs*., 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs*., 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs*., 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support

for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs*., 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs*., 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Although Petitioner's claim was ultimately unsuccessful, there was sufficient objective basis to entitle her to a fees and costs award. The record contained preponderant evidence that Petitioner suffered from a GBS variant, and could meet other elements for a Table claim of GBS after receipt of a flu vaccine. Although Petitioner was unable to preponderantly establish that she had suffered from the residual effects of her alleged injury for at least six months (as required by Section 11(c)(D)(i) of the Act), the issue presented just enough of a fact question to meet the exceedingly lenient standard that governs reasonable basis determinations. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II. Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner is requesting that her attorney, Mr. Blumenstiel, be awarded an hourly rate of $350 for work performed between 2018-24[3], and the various paralegals involved in the matter be awarded hourly rates between $145-165 for the same period of time. Fees App., Exhibit 2.

Mr. Blumenstiel's hourly rate requests require a reduction. For 2018-22, he has previously been awarded $225.00 per hour. *See Segal v. Sec'y of Health & Hum. Servs.,* No. 18-809V, 2023 WL 26445836, at *2 (Fed. Cl. Spec. Mstr. Mar. 27, 2023) (awarding Mr. Blumenstiel an hourly rate of $225 for work performed between 2018-2022); *Duncan v. Sec'y of Health & Hum. Servs.,* No. 16-136V, 2022 WL 4494273, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 7, 2022). He also has been awarded an hourly rate of $275 per hour for work performed in 2023 and 2024, as he practices in a non-forum jurisdiction of Dublin, Ohio. *Kindberg v. Sec'y of Health & Hum. Servs.,* No. 21-1940V, 2025 WL 1011675, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 22, 2025); *Sherwood v. Sec'y of Health & Hum.*, No. 22-1934V, 2026 WL 1363117, at *2 (Fed. Cl. Spec. Mstr. Apr. 9, 2026).

I find no reason to deviate from such reasoned determinations, and it is otherwise not in the practice of OSM to adjust prior rate determinations upward in subsequent cases. *See Jefferson v. Sec'y of Health & Hum. Servs.,* No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce Mr. Blumenstiel's rates to be consistent with the aforementioned, reducing the amount of fees to be awarded by **$3,695.00**.[4]

## II. Hours Expended

Fees are awarded for the number of hours reasonably expended on the litigation. *See Avera v. Sec'y of Health & Hum. Servs.,* 515 F.3d 1343, 1347 (Fed. Cir. 2008). Counsel should avoid including in his fees hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). Unreasonably duplicative or excessive billing includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra-office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Hum. Servs.,* 129 Fed. Cl. 691, 703 (2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that in [his] experience and judgment, [is] reasonable for the work done." *Saxton,* 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charge. *See Broekelschen v. Sec'y of*

---

[3] The bill record reflects that Mr. Blumenstiel did begin work on Petitioner's case prior to January 27, 2020. Fee App. Ex. 2 at 2.

[4] The reduction of fees is calculated by multiplying the hours worked in each year times the adjusted rate and subtracting the total from the amount requested by the attorney. For 2020-2021 is as follows: 9.1 hours x $225 = $2047.50. For 2023-2024: 34.1 hours x $275 = $9,377.50. Reduction of fees: ($15,120.00 – ($2047.50+9,377.50) $11,425.00)

*Health & Hum. Servs.,*102 Fed. Cl. 719, 728-29 (2011) (affirming the Special Master's reduction of attorney and paralegal hours).

A detailed review of the billing records revealed some issues that warrant a reduction. On two separate occasions, one paralegal and Mr. Blumenstein block-billed tasks that have no description of the work performed. On July 20, 2022, one paralegal billed 6.7 hours for "see notes," and on February 19, 2024, Mr. Blumenstiel billed for 2.90 hours without providing any additional information. Fees App. Ex. 2 at 23, 36. Block billing is disfavored by the Program, as it frustrates the Court's ability to evaluate the reasonableness of the time billed. *See Riggins v. Sec'y of Health & Hum. Servs.,* No. 99-382V, 2009 WL 3319818, at *23-24 (Fed. Cl. Spec. Mstr. June 15, 2009). Further, these entries are inadequately described, and are thus too vague to evaluate for their reasonableness. An application for fees and costs must be sufficiently detailed and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Hum. Servs.,* 18 Cl. Ct. 751, 760 (1989). Petitioner will not be reimbursed for those entries, resulting in a reduction of fees by **$1,769.00**.[5]

## III. Calculation of Litigation Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States,* 52 Fed. Cl. 667, 670 (2002); *Perreria v. Sec'y of Dep't of Health & Hum. Servs.,* 27 Fed. Cl. 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.,* No. 10-243V, 2013 WL 5367670, at * 16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).

Petitioner requests a total of $496.31 in costs. These expenses include the filing fee, obtaining medical records, and making copies. Documentation was provided to substantiate the costs, and they will be awarded in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT in part** Petitioners' Motion for Final Attorney's Fees and Costs, and award a total of **$38,072.81 (reflecting $37,576.50 in fees and $496.31 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the

[5] This amount is calculated by the following: Entry from 7/20/2022 ($971.50) + the entry from 02/19/2024 (2.9 hours x adjusted rate of $275=797.50) = $1,769.50.

Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.